IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHICORA LIFE CENTER, LC and CANYON HOLDINGS, L.C.;<br><br>Plaintiffs;<br><br>v.<br><br>K&L GATES LLP; McCARTHY, REYNOLDS, & PENN, LLC; and DOES 1–10;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO DISMISS FOR LACK OF JURISDICTION**<br><br>Case No. 1:20-cv-00112-JNP-DBP<br><br>District Judge Jill N. Parrish |

## BACKGROUND

Chicora Life Center, LC hired K&L Gates LLP and McCarthy, Reynolds, & Penn, LLC to represent it in a bankruptcy proceeding in South Carolina. A party to the bankruptcy case proposed a "cramdown" plan to purchase Chicora Life's primary asset in order to generate funds to pay off its creditors. Chicora Life drafted papers informing the bankruptcy court that the proposed cramdown plan would create a sizable tax liability and would leave the company with no funds to pay the taxes. Chicora Life alleges that its attorneys refused to file the papers and erroneously represented to the bankruptcy court that there would be no tax liability. Chicora Life further contends that the representations of its attorneys caused the bankruptcy court to approve the cramdown plan, resulting in a $3 million tax bill. The bankruptcy proceeding was terminated near the end of 2017.

Chicora Life and Canyon Holdings, L.C. (collectively, Chicora Life) sued K&L Gates and McCarthy, Reynolds, & Penn in this court in August 2020. Chicora Life asserted state-law claims against its former attorneys for breach of contract, malpractice, fraudulent billing, and aiding and

abetting a breach of fiduciary duty. It alleged that the court had diversity jurisdiction over the action. The court determined that Chicora Life had not alleged the full citizenship of K&L Gates because it had not listed the domicile of all of the partners of the firm. The court, therefore, ordered jurisdictional discovery to determine the domicile of the partners of K&L Gates. Through discovery, the parties learned that one of the partners of K&L Gates was domiciled in Utah when this action was filed. Because the plaintiffs are citizens of Utah, Chicora Life conceded that the court did not have diversity jurisdiction to hear this case.

But Chicora Life asserted a new theory of subject matter jurisdiction. It argued that the court has jurisdiction under 28 U.S.C. § 1334(b), which grants jurisdiction to federal courts over civil proceedings related to cases filed under the bankruptcy code. The question before the court is whether § 1334(b) provides for federal jurisdiction over this action.

## ANALYSIS

Under 28 U.S.C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Interpreting this clause, the Tenth Circuit has articulated the following test for determining whether an action is sufficiently related to a core bankruptcy proceeding to warrant federal jurisdiction under § 1334(b):

> "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.

*In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (alteration in original) (citation omitted). The Supreme Court has noted that there are slight differences in the tests adopted by the circuit courts

to resolve the relatedness issue. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). But regardless of the test used, the circuit courts are in agreement that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Id.*

Here, Chicora Life argues that the court has jurisdiction to hear this action because its claims against its former bankruptcy attorneys arise from and are related to the South Carolina bankruptcy proceedings. But although this action is "related to" a bankruptcy proceeding under a generic reading of that phrase found in § 1334(b), Chicora Life has not shown that it has satisfied the relatedness test articulated by the Tenth Circuit and the Supreme Court. The outcome of this action cannot "conceivably have any effect on the estate being administered in bankruptcy" because the bankruptcy proceedings terminated over two years before this action was filed. *See In re Gardner*, 913 F.2d at 1518. In short, this court lacks jurisdiction under § 1334(b) because this lawsuit cannot have any impact "on the handling and administration of the bankruptcy estate," *see id.*, nor can it affect "the estate of the debtor," in a closed bankruptcy case, *see Celotex*, 514 U.S. at 308 n.6.

## CONCLUSION

The court concludes that it lacks diversity jurisdiction under 28 U.S.C. § 1332. Nor does it have jurisdiction under 28 U.S.C. § 1334(b). Accordingly, the court ORDERS that this action be dismissed without prejudice.

Signed June 4, 2021.

BY THE COURT

Jill N. Parrish
United States District Court Judge