IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHICORA LIFE CENTER, LC and CANYON HOLDINGS, L.C.;<br><br>Plaintiffs;<br><br>v.<br><br>K&L GATES LLP; McCARTHY, REYNOLDS, & PENN, LLC; and DOES 1–10;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 1:20-cv-00112-JNP-DBP<br><br>District Judge Jill N. Parrish |

Chicora Life Center, LC hired K&L Gates LLP and McCarthy, Reynolds, & Penn, LLC (McCarthy) to represent it in a bankruptcy proceeding in South Carolina. Chicora Life and Canyon Holdings, L.C. (collectively, Chicora Life) sued K&L Gates and McCarthy in this court in August 2020, asserting state-law claims against its former attorneys for breach of contract, malpractice, fraudulent billing, and aiding and abetting a breach of fiduciary duty.

Chicora Life asserted that the court had diversity jurisdiction over the action. The court determined that Chicora Life had not alleged the full citizenship of K&L Gates because it had not listed the domicile of all of the partners of the firm. The court, therefore, ordered jurisdictional discovery to determine the domicile of the partners of K&L Gates. Through discovery, the parties learned that one of the partners of K&L Gates was domiciled in Utah when this action was filed. Because the plaintiffs are citizens of Utah, Chicora Life conceded that the court did not have diversity jurisdiction to hear this case. Chicora Life argued that the court has jurisdiction under 28 U.S.C. § 1334(b), which grants jurisdiction to federal courts over civil proceedings related to cases filed under the bankruptcy code, but the court concluded that this statue did not confer jurisdiction.

Accordingly, the court dismissed the action without prejudice for lack of subject matter jurisdiction on June 4, 2021.

On June 9, 2021, Chicora Life re-filed its action in Utah state court. On December 16, 2021, the state court dismissed the claims against McCarthy for lack of personal jurisdiction. On December 22, 2021, the state court also dismissed the claims against K&L Gates for lack of personal jurisdiction, ending Chicora Life's litigation in Utah state court. On June 3, 2022, just under a year from the date that this court dismissed Chicora Life's action, Chicora Life filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 51. Chicora Life argues that the court should set aside the judgment dismissing its action for lack of subject matter jurisdiction and transfer the action to the United States District Court for the District of South Carolina.

The court DENIES Chicora Life's motion for relief from judgment. Chicora Life argues that the court should reopen this case under Rule 60(b) and then transfer it to the federal district court in South Carolina pursuant to 28 U.S.C. § 1631. The court need not consider whether Rule 60(b) relief is appropriate here because even if the court were to set aside the judgment, the court may not transfer the case to another federal district court. Under 28 U.S.C. § 1631, if a federal district court finds that it lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." The court may not transfer Chicora Life's action to the federal district court in South Carolina because the action could not have been brought in that court at the time it was filed in this court. The court has already ruled that this court lacks subject matter jurisdiction to preside over Chicora Life's action. The federal district court in South Carolina would lack jurisdiction for the same reasons. *See Tuitama v. Bank of Am., NA*, 552 F. App'x 881,

882 (11th Cir. 2014) (unpublished) (per curiam) ("[W]hether federal subject matter jurisdiction exists does not depend on the location of a particular district court."). Because no federal court has jurisdiction over this case, the court could not grant the relief requested by Chicora Life even if it could satisfy the requirements for setting aside the judgment under Rule 60(b).

Even if Chicora Life had requested to set aside the judgment to transfer the case to an appropriate state court, the court would have denied the motion. The court did not transfer the case to another court under § 1631 because Chicora Life never asked the court to do so. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (unpublished) ("The plaintiffs bear the burden to establish that the proposed transferee court . . . would have personal jurisdiction over the defendants."). Moreover, given that Chicora Life re-filed its action in Utah state court days after this court dismissed the case for lack of jurisdiction, it is clear that this would have been the requested destination had Chicora Life asked for a transfer under § 1631. Chicora Life may not leverage Rule 60(b) to turn back the clock to make a different strategic choice regarding the forum to litigate its claims. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.").

## CONCLUSION

For these reasons, the court DENIES Chicora Life's motion for relief from judgment under Rule 60(b). [1]

---

[1] In its response brief, K&L Gates asked the court to exercise its inherent authority to award it attorney fees for responding to this motion. The court declines to consider this request because the court's local rules prohibit litigants from making a motion in a response brief. DUCivR 7-1(3).

Signed March 1, 2023.

                BY THE COURT

                _____
                Jill N. Parrish
                United States District Court Judge